# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| |  |
|---|---|
| **CRAIG PATRICK BURT**, <br><br> Petitioner, <br><br> v. <br><br> **MATTHEW WHITAKER**, in his capacity as Acting Attorney General of the United States, <br><br> Respondent. | Case No. 18-cv-3078 (CRC) |

## OPINION

Before the Court is federal prisoner Craig Patrick Burt's petition for a writ of habeas corpus. Burt filed his petition pursuant to 28 U.S.C. § 2241, naming the United States Attorney General as the Respondent, who Burt contends lacks the legal authority to detain him. The government has not yet responded, but the Court need not wait for a response. On an independent review of its own jurisdiction to consider Burt's petition, the Court concludes that it lacks the requisite power to resolve it.

The reasons are plain: Burt must file his § 2241 petition in the district of his confinement, and he must name as respondent his immediate custodian, neither of which he has done. "A federal court can only issue a writ of habeas corpus if (1) the petitioner is physically confined within the court's territorial jurisdiction, and (2) the court has personal jurisdiction over the petitioner's immediate custodian." Jeong Seon Han v. Lynch, 223 F. Supp. 3d 95, 109 (D.D.C. 2016) (citing Rumsfeld v. Padilla, 542 U.S. 426, 444, 447 (2004)). "This means that, as a general matter, courts may grant habeas relief only 'within their respective jurisdictions.'" Id. (quoting 28 U.S.C. § 2241(a)); see also Stokes v. U.S. Parole Com'n, 374 F.3d 1235, 1239 (D.C.

Cir. 2004) ("[I]n habeas cases involving present physical confinement, jurisdiction lies only in one district: the district of confinement." (internal quotation marks and citation omitted)).

Burt is serving his sentence at FCI Terminal Island in San Pedro, California, Petition at 1, whose warden is his immediate custodian. Yet Burt has filed this petition in the District of Columbia, naming the Acting Attorney General as the only respondent. This is the wrong forum, and the Attorney General is the wrong respondent. And even if Burt named the right respondent, this Court would still not be the district of his confinement nor would it have personal jurisdiction over his custodian. The bottom line? The Court lacks the judicial power to grant Burt the relief he requests. Padilla, 542 U.S. at 447 ("Whenever a § 2241 habeas petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

Burt seems to think this rule may not apply to him, since he is not challenging any act by the district court in which he was convicted, but "is rather challenging the claims of Jurisdiction/Authority of the Respondent, the Attorney General, for subjecting the Petitioner to detention." Petition at 5; see id. at 6 (explaining that his collateral attack does not concern "the jurisdiction of the Trial Court, as the Trial Court is *not* subjecting the Petitioner to detention, nor is the Trial Court named as a Defendant/Respondent in [the petition]").

Be that as it may, Burt still must file his § 2241 petition in the district of confinement and against his immediate custodian. It does not matter, contrary to Burt's apparent belief, that the Attorney General serves as the head of the Department of Justice, of which the Federal Bureau of Prisons is a subdivision. See Petition at 13. The Attorney General is not a proper respondent (and the District of Columbia is not a proper venue) in a § 2241 case simply because the

Attorney General, as a technical matter, exercises "legal control" over the federal prison system. As the Supreme Court has explained,

> identification of the party exercising legal control only comes into play when there is no immediate physical custodian with respect to the challenged "custody." In challenges to present physical confinement, we reaffirm that the *immediate custodian, not a supervisory official who exercises legal control, is the proper respondent*. If the "legal control" test applied to physical-custody challenges, a convicted prisoner would be able to name the State or the Attorney General as a respondent to a § 2241 petition. As the statutory language, established practice, and our precedent demonstrate, that is not the case.

Padilla, 542 U.S. at 439-40 (emphasis added). Yet that is just what Burt has attempted to do here. And while there are some limited exceptions to the rule that a § 2241 petition must be filed in the district of confinement and against the petitioner's immediate custodian, see Padilla, 542 U.S. at 438-39, none of those exceptions apply here.

Therefore, the Court will dismiss Burt's petition. A separate Order shall accompany this opinion.

                                                                                                                    _____
                                                                                                                    CHRISTOPHER R. COOPER
                                                                                                                    United States District Judge

Date: February 15, 2019